10-4043-cv
Vargas v. Morgan Stanley

N.Y.S.D. Case # 08-cv-9512(GBD)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of September, two thousand eleven.

PRESENT:
   DENNY CHIN,
   RAYMOND J. LOHIER, JR.,
      _Circuit Judges_,
   EDWARD R. KORMAN,
      _District Judge_.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 09, 2011

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

RUBEN VARGAS,
  _Plaintiff-Appellant_,

    -v.-              10-4043-cv

MORGAN STANLEY, MORGAN STANLEY & CO., INC.,
JOHN ROBINSON, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY,
  _Defendants-Appellees_.

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x


FOR PLAINTIFF-APPELLANT:  SHAFFIN A. DATOO (Kenneth P. Thompson, _on the brief_), Thompson Wigdor & Gilly, LLP, New York, New York.

---

  * The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

CERTIFIED COPY ISSUED ON 09/09/2011

FOR DEFENDANTS-APPELLEES:    J. MICHAEL RIORDAN (Cora E. MacLean, on the brief), McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Daniels, J.). **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED AND REMANDED** in part.

Plaintiff-appellant Ruben Vargas appeals from a decision of the United States District Court for the Southern District of New York, filed September 29, 2010, granting summary judgment in favor of defendants Morgan Stanley, Morgan Stanley & Co. Incorporated (together, the "Company"), and Vargas's supervisor, John Robinson. Vargas commenced this action against defendants on November 5, 2008, alleging disparate treatment and unlawful termination on account of his race, color, and national origin under Title VII, 42 U.S.C. §§ 2000e et seq. ("Title VII"); 42 U.S.C. § 1981 ("§ 1981"); the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 et seq. (McKinney 2009); and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 et seq. Familiarity with the underlying facts, the procedural history of the case, and the issues on appeal is assumed.

We review a grant of summary judgment de novo. Weinstock v. Columbia Univ., 224 F.3d 33, 40 (2d Cir. 2000). Summary judgment is appropriate if there is no genuine dispute as

to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In making this determination, "the court must 'assess the record in the light most favorable to the non-movant and . . . draw all reasonable inferences in [the non-movant's] favor.'" Weinstock, 224 F.3d at 41 (quoting Del. & Hudson Ry. Co. v. Consol. Rail Corp., 902 F.2d 174, 177 (2d Cir. 1990)).

Vargas, a Hispanic male of Puerto Rican descent, joined the Company as a research associate in its Fixed Income Division in August 2004. He was transferred to its Investment Grade Sales Group (the "IGSG") as a credit sales associate in July 2005. Vargas alleges that after the Company appointed Robinson head of IGSG in May 2006, he was subjected to disparate treatment in his employment until his termination on October 17, 2007 as part of a Reduction in Force ("RIF"). At all relevant times, Vargas was the only Hispanic credit sales associate in the IGSG.

At summary judgment, the district court determined that: (1) Vargas failed to make out a prima facie case of discrimination with respect to his termination claim; (2) the relevant statute of limitations barred all of his pre-termination claims, or alternatively, he failed to establish a prima facie case; and (3) his claims under § 1981, the NYSHRL, and the NYCHRL were not viable because they were analyzed under the same standards as Title VII.[1]

---

[1] The standard of proof for claims brought under § 1981 and the NYSHRL is identical to that of Title VII claims. See Ruiz v. Cnty. of Rockland, 609 F.3d 486, 491-92 (2d Cir. 2010) (addressing § 1981 claims); Torres v. Pisano, 116 F.3d 625, 629 n.1 (2d Cir. 1997) (addressing NYSHRL claims).

On appeal, Vargas challenges the district court's rulings that he has failed to establish a prima facie case of disparate treatment and that all of his pre-termination claims are time-barred.  See Patterson v. Cnty. of Oneida, 375 F.3d 206, 225 (2d Cir. 2004) (defining three-year limitations period in New York for § 1981 claims); N.Y. C.P.L.R. § 214(2) (McKinney 2009) (same, for NYSHRL claims).  We hold that, timely or not, his Title VII, § 1981, and NYSHRL claims are not actionable. Although Vargas raises fair issues regarding whether he has shown that defendants' pre-termination conduct could be considered "adverse employment actions," and as to the timeliness of his claims under § 1981 and NYSHRL, for the reasons that follow, we conclude that Vargas's pre-termination and termination claims fail as a matter of law under Title VII, § 1981, and the NYSHRL.

The "ultimate issue" in an employment discrimination case is whether the alleged adverse action was motivated at least in part by an impermissible discriminatory reason.  Fields v. N.Y. State Office of Mental Retardation & Dev'l Disabilities, 115 F.3d 116, 119 (2d Cir. 1997).  Where an employer has proffered a legitimate, non-discriminatory reason for an action, a plaintiff will survive a motion for summary judgment only by adducing evidence that would allow a reasonable jury to infer that "it is more likely than not that [plaintiff] was subjected to [that action] based on an illegal discriminatory motive."  Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 53 (2d Cir. 1998) (citing St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 509, 511 (1993)).  In

-4-

other words, even if the employer's reasons are rejected, "absent <u>some evidence</u> that it was motivated by discriminatory intent . . . , bad treatment does not establish a violation of Title VII." <u>Pollis v. New Sch. for Soc. Research</u>, 132 F.3d 115, 124 (2d Cir. 1997) (emphasis added).

Upon reviewing the record, we conclude that Vargas did not produce evidence sufficient to support an inference that defendants' stated reasons for their employment decisions were pretextual or that Vargas's race, color, or national origin was a motivating factor in defendants' decisions. Vargas contends that he was treated less favorably than other employees, but he does so in conclusory fashion, without offering any concrete evidence to show that any of the purported mistreatment was the result of discriminatory animus. At best, the uniformly race-neutral incidents Vargas points to in the record reflect that Robinson singled him out because he "disliked" Vargas or his facial hair, or "treated him badly" due to a "personal agenda," none of which is sufficient to suggest animus motivated by Vargas's protected status. <u>Idrees v. City of New York</u>, No. 04 Civ. 2197 (GWG), 2009 WL 142107, at *10 (S.D.N.Y. Jan. 21, 2009); <u>see also</u> <u>Alfano v. Costello</u>, 294 F.3d 365, 378 (2d Cir. 2002) (holding that "some circumstantial or other basis" is necessary for inference that incidents "neutral on their face were in fact discriminatory").

With respect to Vargas's claims under the NYCHRL, however, we find that the district court erred in dismissing them under the same analysis it applied to his federal and state

-5-

claims.  Pursuant to the New York City Civil Rights Restoration Act, N.Y.C. Local Law No. 85 (2005), "courts [must] be sensitive to the distinctive language, purposes, and method of analysis required by the [NYCHRL], requiring an analysis more stringent than that called for under either Title VII or the [NYSHRL]." Williams v. N.Y.C. Housing Auth., 872 N.Y.S.2d 27, 30-31 (1st Dep't 2009); see Loeffler v. Staten Island Univ. Hosp., 582 F.3d 268, 278 (2d Cir. 2009) (confirming that "claims under the [NYCHRL] must be reviewed independently from and 'more liberally' than their federal and state counterparts") (quoting Williams, 872 N.Y.S.2d at 31).

The district court failed to analyze Vargas's City claims independently from his federal and state law claims, and we will not resolve these claims in the first instance. Accordingly, we remand the NYCHRL claims to the district court, to consider whether to exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(c), and if it decides to do so, to consider the NYCHRL claims under the appropriate standard, separate and apart from the federal and state claims.

We therefore **VACATE** the district court's judgment with respect to Vargas's NYCHRL claims and **REMAND** those claims to the district court to determine whether to exercise supplemental jurisdiction or to dismiss without prejudice to refiling in state court.  We **AFFIRM** the district court's judgment in all other respects.

-6-



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK