USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 2 3 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

RUBEN VARGAS,
                       Plaintiff,

        -against-

MORGAN STANLEY, MORGAN STANLEY &
CO., INCORPORATED, and JOHN ROBINSON,
in his official and individual capacities,

                       Defendants.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER
08 Civ. 9512 (GBD)

GEORGE B. DANIELS, District Judge:

      Plaintiff Ruben Vargas, a Hispanic male of Puerto Rican descent, commenced this action against the defendants alleging disparate treatment and unlawful termination on account of his race, color, and national origin under Title VII, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); 42 U.S.C. § 1981 ("§ 1981"); the New York State Human Rights Law, ("NYSHRL"), N.Y. Exec Law §§ 290 *et seq.* (McKinney 2009); and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et seq.* On September 29, 2010, this Court dismissed all claims by granting summary judgment in favor of defendants Morgan Stanley, Morgan Stanley & Co. Incorporated (together, "The company"), and Vargas's supervisor, John Robinson. *Vargas v. Morgan Stanley*, 08 Civ. 9512, 2010 WL 3911494 (S.D.N.Y. Sep. 29, 2010).

      This Court's decisions to dismiss plaintiff's Title VII and NYSHRL claims were affirmed on appeal. However, this action was remanded by the Second Circuit Court of Appeals for a determination by this Court as to whether to exercise supplemental jurisdiction pursuant to 28

1

U.S.C. § 1367(c) to independently reconsider plaintiff's claims under the NYCHRL, or to dismiss without prejudice to refiling in state court.[1]  The Second Circuit ruled that this Court must explicitly analyze the NYCHRL claims under the appropriate standard separate and apart from the federal and state law claims, which the Second Circuit concluded from this Court's opinion that it failed to do. *See Vargas v. Morgan Stanley*, --- Fed.Appx. ----, 2011 WL 4001036 (2d Cir.(N.Y.) Sep. 09, 2011).  Familiarity with the underlying facts and the procedural history of this case is assumed.  Because an independent analysis of the evidence does not support the plaintiff's claims under the NYCHRL, this Court retains jurisdiction and dismisses the remaining city claims.

## The NYCHRL Standard

The NYCHRL makes it unlawful for employers "to refuse to hire or employ or to bar or to discharge from employment [any] person or to discriminate against [any] person in compensation or in terms, conditions or privileges of employment," on the basis of race or national origin. NYCHRL § 8-107(1).  The NYCHRL is to be more liberally applied than its state and federal counterparts. *See Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009) (explaining that "claims under the [NYCHRL] must be reviewed independently from and 'more liberally' than their federal and state counterparts") (quoting *Williams v. N.Y.C. Housing Auth.*, 872 N.Y.S.2d 27, 31 (1st Dep't 2009)).  The NYCHRL thus requires an independent analysis of employment discrimination claims, recognizing and applying its broad,

---

[1] Plaintiff requests that the Court decline to exercise supplemental jurisdiction over the NYCHRL claims so that the plaintiff can relitigate the claims in state court.  Defendants request that, in the interest of efficiency and finality, the Court continue to exercise supplemental jurisdiction and dismiss the plaintiff's NYCHRL claims.  This Court previously considered and determined all of the federal, state, and city claims brought by plaintiff in federal court.  Considering judicial economy, convenience, fairness and comity, this Court, in its discretion, exercises supplemental jurisdiction over the related NYCHRL claims that form a part of the same case and controversy in this action. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct 614, 98 L.Ed.2d 720 (1988).  On remand, there is no compelling reason to avoid reconsideration and a final determination of the NYCHRL claims.

remedial purposes. *Kumaga v. N.Y.C. Sch. Const. Auth.*, No. 127817/02, 2010 WL 1444513, *14 (N.Y. Sup.Ct. Apr. 2, 2010). "[C]ourts must be sensitive to the distinct language, purposes, and method of analysis required by the [NYCHRL], requiring an analysis more stringent than that called for under either Title VII or the [NYSHRL]." *Williams*, 872 N.Y.S.2d at 30-31.

Bearing in mind the NYCHRL's broad remedial goals, dismissal of all of plaintiff's claims is consistent with federal, state, and city human rights laws. While the NYCHRL entails a broader approach than its state and federal counterparts, in this case it does not compel a different result. Plaintiff did not produce evidence sufficient to support an inference that the defendant's stated reasons for their employment decisions were pretextual or that plaintiff's race, color, or national origin was a motivating factor in the defendant's decisions. Plaintiff contends that he was treated less favorably than other employees, but he does so in conclusory fashion, without offering any concrete evidence to show that any of the purported mistreatment was the result of discriminatory animus. There is no evidence that the employer, because of the actual or perceived race or natural origin of the plaintiff, discharged the plaintiff from employment or discriminated against the plaintiff in compensation or in terms, conditions, or privileges of employment. In this case, the record is absent of any proof that the reasons for the employment decisions were discriminatory. The more liberal NYCHRL does not relieve plaintiff of the burden of offering sufficient evidence in support of his claims. Because of the similar lack of evidence to support plaintiff's employment discrimination claims under the federal and state human rights laws, so too do plaintiff's claims under the city human rights laws fail, notwithstanding its broader application and more stringent analysis.

Defendant's motion for summary judgment with respect to plaintiff's claims asserted under the NYCHRL is GRANTED. This case is dismissed with prejudice in its entirety.

Dated: New York, New York
      September 23, 2011

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge